## Commonwealth v. Roberts.

*Criminal law—Parole—Acts of June 19, 1911.*

1. The Act of June 19, 1911, P. L. 1055, commonly called the "Probation Act," and the Act of June 19, 1911, P. L. 1059, commonly called the "Parole Act," are to be construed together.

2. A parole will not be granted, under the Act of June 19, 1911, P. L. 1059, to one convicted of arson, the Act of June 19, 1911, P. L. 1055, not applying to such a crime.

Petition for parole. Q. S. Lehigh Co., Jan. Sess., 1922, No. 145.

*Martin L. Yost*, for petitioner.

*Orrin E. Boyle*, District Attorney, for Commonwealth.

RENO, P. J., Dec. 8, 1924.—The petitioner, who was convicted of arson, applies for a parole, and his learned counsel argues that the Act of June 19, 1911, P. L. 1059, authorizes us to grant paroles to any convict confined in our county jail, even though the offence be a serious felony. Although this contention has frequently been made, we have never granted a parole to one convicted of an offence enumerated as excepted in the Act of June 19, 1911, P. L. 1055. Our view has been that while the acts, in a sense, apply to two different subjects, the ultimate end of both is similar (that is, relieving a defendant of the penal consequences of crime, either by probation or parole), and, therefore, the two are to be construed together. This process of reasoning results in the conclusion that the Act of June 19, 1911, P. L. 1059, sometimes called the "Parole Act," does not authorize the granting of parole to prisoners convicted of arson, that being one of the offences enumerated as excepted in the Act of June 19, 1911, P. L. 1055, commonly called the "Probation Act." It is gratifying to note that these views have had judicial sanction, and the able opinion of Judge Cummings in Com. v. Burr, 5 D. & C. 172, accords so completely with our own conclusion that further discussion is unnecessary.

Now, Dec. 8, 1924, the petition for parole is denied.

From Edwin L. Kohler, Allentown, Pa.